**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-41033
Summary Calendar

KEITH RUSSELL JUDD

Plaintiff-Appellant

v.

FEDERAL ELECTION COMMISSION; US ATTORNEY GENERAL, Peter D
Keisler; SECRETARY OF THE STATE OF TEXAS, Elections Division; TEXAS
ATTORNEY GENERAL, Gregg Abbott

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-637

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Russell Judd, federal prisoner # 11593-051, filed a civil complaint,
on September 19, 2007, against the Federal Election Commission and others
alleging that he was a candidate for President of the United States and that, as
a prisoner, he was not allowed to vote for himself. Judd moved for leave to file
the complaint in forma pauperis (IFP). The district court dismissed the IFP

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint without prejudice pursuant to 28 U.S.C. § 1915(g) because Judd had three strikes for filing frivolous pleadings and appeals.

Judd appeals the dismissal of his complaint. He argues that his complaint should have been allowed notwithstanding his prior frivolous pleadings because he was under imminent danger of serious physical injury from an untreated hernia and prison gang members. It is true that Section 1915(g) allows for an exception to the three-strike rule if the prisoner complaint alleges that he is under imminent danger of serious physical injury. Although it may be true that Judd is now under such a threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint.

Judd also asserts that the dismissal without prejudice was in error because he subsequently sent in forms to pay the filing fee. Again, this may be true, but it has nothing to do with the dismissal without prejudice as such a dismissal would not have prevented him from filing a new suit raising the same factual allegations and paying the filing fee.

The appeal is without arguable merit. *See Howard v. King,* 707 F.2d 215, 219-20 (5th Cir. 1983). It is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous pleadings.

Accordingly, Judd is ORDERED to pay a sanction in the amount of $500 to the clerk of this court. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading, or notice. When seeking leave of court, Judd must certify that the claim he wishes to present is a new one that has never before either been raised and disposed of on the merits or remains pending in

any federal court. Upon failure thus to certify or upon false certification, Judd may be found in contempt of court and punished accordingly.

Judd is CAUTIONED that filing any frivolous or repetitive action, in this court or any court subject to this court's jurisdiction, will subject him to additional and progressively more severe sanctions.

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.